UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DARIN JEROME FRENCH, and ) <br> JENNIFER LYNN FRENCH ) <br> ) <br> Defendants. ) | 3:08-CR-0006-LRH-WGC <br><br> ORDER |

Before the court is defendant Jennifer Lynn French's ("Jennifer") motion for reconsideration of the court's denial of her motion for a new trial (Doc. #303[1]). Doc. #347.

## I. Facts and Background

Jennifer, along with her then-husband and co-defendant Darin Jerome French ("Darin"), was charged in a superseding indictment with thirty-two (32) counts of mail fraud in violation of 18 U.S.C. § 1341; twenty-five (25) counts of wire fraud in violation of 18 U.S.C. § 1343; three (3) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1) for her participation in an alleged scheme to defraud customers of her on-line appliance business Look What We Got! ("LWWG"). Doc. #60.

After a nine-day jury trial, Jennifer was convicted of fourteen (14) counts of mail fraud in

---

[1] Refers to the court's docket number.

violation of 18 U.S.C. § 1341; six (6) counts of wire fraud in violation of 18 U.S.C. § 1343; one (1) count of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1). Doc. #269.

Subsequently, Jennifer filed a motion for new trial arguing that a new trial was warranted because: (1) the jury applied a more lenient "ill" intent standard rather than the requisite intent to deceive or cheat standard; and (2) the evidence at trial concerning intent was insufficient to support the jury's verdict. Doc. #275. The government filed an opposition arguing that there was sufficient evidence to support the jury's verdict and that the jury used the appropriate intent standard in determining Jennifer's guilt. Doc. #279. Jennifer filed a reply, and for the first time argued that she was co-dependent on, and under the control of Darin during the relevant time that LWWG was in business due to years of mental and physical abuse. Doc. #280. Jennifer argued that as a result of this abuse she believed everything Darin told her, including that the LWWG business was operating functionally, and thus, she did not have the criminal intent to defraud her clients. *Id*.

The court denied her motion finding that "there was substantial evidence proffered at trial to support the jury's verdict that she participated in a scheme to defraud customers of LWWG," and that there was no indication or evidence that the jury used any standard other than the intent to deceive or cheat standard presented in the jury instructions. Doc. #303.

After more than nine (9) months, Jennifer filed the present motion to reconsider the court's denial of her motion for new trial. Doc. #347. In her motion, Jennifer argues that due to Darin's control over her during the marriage and at trial she did not knowingly or voluntarily waive her right to counsel, and thus, the court should grant her a new trial. *Id*.

**II.    Discussion**

Initially, the court notes that the present motion for reconsideration is really a separate and distinct motion for a new trial. In her present motion, Jennifer argues that a new trial is warranted because she did not knowingly and voluntarily waive her right to counsel at trial because she was

2

under the control and direction of Darin. *See* Doc. #347. The motion does not address any of the arguments she raised in her initial motion, and focuses solely on the *Farreta* canvas[2] and Darin's control over her at that time. *Compare* Doc. #275 *with* Doc. #347. Thus, the court shall treat Jennifer's motion as a motion for new trial.

The court finds that the present motion for a new trial is untimely. A motion for new trial must be filed within 14 days after the verdict. FED. R. CRIM. P. 33(b)(2). Here, Jennifer was found guilty on February 18, 2011. Doc. #269. Jennifer did not file the present motion until March 2, 2012, over a year after the fourteen (14) day time period expired. *See* Doc. #347. Therefore, the present motion for a new trial is untimely and shall be denied as such.

In the motion, Jennifer attempts to bypass the untimeliness of her motion by arguing that it is a continuation of the arguments raised in her initial reply brief. *See* Doc. #347. The court disagrees. Jennifer's reply brief, in which she raised allegations of spousal abuse and control for the first time, did not address her waiver of counsel or the *Faretta* canvas. Rather, her reply brief concerned the intent requirement of the indicted crimes and the sufficiency of evidence presented to the jury. Thus, the reply brief addressed issues distinctly different from those raised in her present motion.

Further, even if the court were to find that this motion was a continuation of the reply brief, the motion is still untimely. As addressed above, Jennifer was found guilty on February 18, 2011. Doc. #269. Jennifer did not file her reply brief raising allegations of spousal abuse until March 22, 2011, more than fourteen (14) days after the jury verdict. *See* Doc. #280.

The court also finds that Jennifer's motion should be denied on the merits because there is no evidence before the court that Jennifer did not knowingly and voluntarily waive her right to counsel after a full *Farreta* canvas. The court notes that there is no medical evidence, either from a

---

[2] On September 7 and 8, 2010, the court canvassed Jennifer and Darin in accordance with *Farreta v. California*, 422 U.S. 806 (1975), on their requests to waive counsel and proceed to trial pro se.

psychologist or a psychiatrist, supporting Jennifer's claim that she suffers from mental trauma relating to her marriage to Darin, that she was mentally unable to appreciate her waiver of counsel, or that her waiver of counsel was not knowing and voluntary but the result of her alleged co-dependency on Darin. Rather, the record is clear that Jennifer independently, knowingly, and voluntarily waived her right to counsel for trial after being informed by the court of the challenges of pro se representation.

Moreover, the record unequivocally establishes that Jennifer is a bright, intelligent woman capable of making her own decisions without Darin's influence. At the time of the *Farreta* canvas, Jennifer was raising four children by herself while attending college and had not been the victim of any alleged physical abuse by Darin for over a year and a half as he was in federal prison serving time upon earlier convictions. She was the dominant speaker at the canvas, spending significant time addressing the court and responding to the court's questions. In particular, when asked by the court what Jennifer thought her counsel at that time was not doing in furtherance of her defense, Jennifer listed several motions that she desired to put before the court for consideration as well as several evidentiary and discovery requests. After waiving counsel and proceeding pro se, Jennifer went on to file over thirty motions with the court in her defense. Thus, the court finds that Jennifer made an independent, knowing and voluntary waiver of counsel for trial. Accordingly, the court shall deny her motion for a new trial.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #347) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE